IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHRISTOPHER M.S. DERHAKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3351 |
| | ) | |
| PATRICK R. DONAHOE, | ) | |
| Postmaster General of the United | ) | |
| States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

SUE E. MYERSCOUGH, U.S. District Judge:

Before the Court is the Report and Recommendation of United States Magistrate Judge Byron G. Cudmore (d/e 23).  Magistrate Judge Cudmore recommends that the oral motion to dismiss by Defendant Patrick R. Donahoe, Postmaster General of the United States Postal Service, be allowed and the matter be dismissed due to want of prosecution.  For the reasons that follow, this Court adopts Magistrate Judge Cudmore's Report and Recommendation.

I.  BACKGROUND

In August 2012, Plaintiff, who was represented by counsel, filed this case in the Southern District of Illinois.  See Complaint (d/e 2).  In December 2012, the case was transferred to this Court.  See Order (d/e 14).  In February 2013, Plaintiff's counsel withdrew as counsel for Plaintiff.  See Motion to Withdraw (d/e 20); February 1, 2013 Text Order (granting Motion to Withdraw and noting that Plaintiff will be considered pro se unless he retains replacement counsel).

On February 14, 2013, Magistrate Judge Cudmore set the matter for a Rule 16 Scheduling Conference in open court.  A copy of the Notice of Hearing was sent to Plaintiff at his listed address.  See February 14, 2013 Remark.  The Notice of Hearing directed the parties to confer prior to the scheduling conference and submit a proposed discovery plan.

On March 8, 2013, counsel for Defendant, Assistant United States Attorney (AUSA) Hilary W. Frooman, filed a Rule 26 Notice to the Court indicating that she was unable to comply with the Court's order that the party confer regarding Rule 26 discovery and a discovery plan.  See Notice (d/e 21).  AUSA Frooman represented that the government

contacted Plaintiff by telephone and left a message for him to call AUSA Frooman.  AUSA Frooman also sent Plaintiff a letter with proposed deadlines for discovery.  Plaintiff did not contact her.  Id.

On March 13, 2013, Magistrate Judge Cudmore held the Rule 16 Scheduling Conference.  See Minute Entry.  Plaintiff did not appear.  Counsel for Defendant made an oral motion to dismiss for want of prosecution due to Plaintiff's failure to appear and failure to be involved in any Rule 16 scheduling conference.  See March 13, 2013 Minute Entry; see also March 13, 2013 Oral Motion docket entry (wherein the Notice of Electronic Filing reflects that Notice was delivered by other means to Plaintiff at his mailing address).  Magistrate Judge Cudmore took the motion under advisement and directed Plaintiff to file a written status report with the Court by March 29, 2013 regarding whether he would like to proceed with the case.  See March 13, 2013 Minute Entry (wherein the Notice of Electronic Filing reflects Notice delivered by other means to Plaintiff at his mailing address).

On April 3, 2013, Magistrate Judge Cudmore entered a Report and Recommendation (d/e 23), recommending that Defendant's oral motion

to dismiss be allowed and this matter be dismissed due to want of prosecution. Plaintiff was advised that any objection to the Report and Recommendation must be filed within 14 days after being served with a copy of the Report and Recommendation. Magistrate Judge Cudmore directed the Clerk of the Court to send a copy of the Report and Recommendation to Plaintiff at his address as provided. Report and Recommendation, p. 3 (d/e 23). Plaintiff has not filed any objection to the Report and Recommendation.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). The Court reviews <u>de novo</u> any part of the Report and Recommendation to which a proper objection has been made. Fed.R.Civ.P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." <u>Johnson v. Zema Systems Corp.</u>, 170 F. 3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the

report and recommendation waives appellate review of the factual and legal questions).

### III. ANALYSIS

Federal Rule of Civil Procedure 16(f) provides that the Court may issue any just orders if a party fails to appear at a scheduling conference. See Fed.R.Civ.P. 16(f)(1)(A) (entitled "Sanctions"). These sanctions include those authorized by Rule 37(b)(2)(A)(ii) through (vii). See Fed.R.Civ.P. 16(f)(1)(A); see also O'Quinn v. Delaney, 2007 WL 612038, at *2 (S.D. Ill. 2007). Rule 37(b)(2)(A)(v) provides that such sanction can include dismissing the action in whole or in part. Fed.R.Civ.P. 37(b)(2)(A)(v). In addition, Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action if the plaintiff fails to prosecute or comply with a court order. Fed.R.Civ.P. 41(b).

In this case, Plaintiff did not confer with counsel for Defendant prior to the Scheduling Conference or submit a proposed discovery plan as directed by the Court. In addition, Plaintiff did not appear at the Scheduling Conference, despite having notice of the hearing. Magistrate

Judge Cudmore also directed Plaintiff to file a status report, which Plaintiff did not do.

Plaintiff has not appeared at a scheduled hearing and failed to comply with two court orders. Therefore, Magistrate Judge Cudmore did not clearly err in recommending that Defendant's oral motion to dismiss be allowed and that this matter be dismissed for want of prosecution. See, e.g., BMG Music v. Nelson, 2006 WL 1084319, at *1 (C.D. Ill. 2006) (finding no clear error in recommendation that the plaintiffs' complaint be dismissed for want of prosecution and for failing to comply with the Court's order directing the plaintiffs to file a status report).

IT IS THEREFORE ORDERED THAT:

(1)   The Report and Recommendation (d/e 23) is ADOPTED in its entirety.

(2)   Defendant's Oral Motion to Dismiss is GRANTED and the case is dismissed for want of prosecution. THIS CASE IS CLOSED.

ENTER: April 25, 2013

FOR THE COURT:

                                      <u>s/ Sue E. Myerscough</u>
                                      SUE E. MYERSCOUGH
                            UNITED STATES DISTRICT JUDGE